IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

J.C. HUNT

     Plaintiff,

v.              Case No. 05-3004-JWL

ROBERT SAPIEN, *et al.*

     Defendants.

## MEMORANDUM AND ORDER

   This case concerns a 42 U.S.C. § 1983 claim filed by Mr. Hunt against various prison officials at the El Dorado Correctional Facility.  Based on his confinement in administrative segregation for over 500 days, he alleges numerous constitutional violations under the First Amendment, the Eighth Amendment, and the Fourteenth Amendment.

   This matter comes before the court on Defendants' Motion to Dismiss for Failure to State a Claim for Relief under Federal Rule 12(b)(6).  Plaintiff also has filed a Motion for Default Judgment.  For the reasons explained below, both motions are denied.

***1.  Standard of Review on Motion to Dismiss for Failure to State a Claim***

   The court will dismiss a cause of action for failure to state a claim only when "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief," *Poole v. County of Otero,* 271 F.3d 955, 957 (10th Cir.2001) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, (1957)), or when an issue of law is dispositive, *Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Smith v. Plati,* 258 F.3d 1167, 1174 (10th Cir.2001). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002) (quotation omitted).

It is generally unacceptable for the court to look beyond the four corners of the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Dean Witter Reynolds, Inc. v. Howsam,* 261 F.3d 956, 961 (10th Cir. 2001). Regardless of the parties' allegations in documents other than the complaint and the answer, in deciding this motion "we do not consider those materials." *Moffett v. Halliburton Energy Services, Inc.* 291 F.3d 1227, 1231 n.3 (10th Cir. 2002).

A motion to dismiss "is a harsh remedy which must be cautiously studied . . . to protect the interests of justice." *Bangerter v. Orem City Corp.,* 46 F.3d 1491, 1502 (10th Cir.1995). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Quality Foods v. Latin American Agribusiness*

*Development,* 711 F.2d 989, 995 (11th Cir.1983).   In the Tenth Circuit, a motion to dismiss a section 1983 claim "subjects the defendant to a more challenging standard of review than would apply on summary judgment.   A motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted."   *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) (quoting *Lone Star Industries, Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.1992)).

Because Plaintiff filed his complaint pro se, "we must construe his complaint liberally." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).   The Tenth Circuit has explained: "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

**2.**     ***Defendant's Motion to Dismiss for Failure to State a Claim***

Plaintiff's complaint alleges that Defendants violated several of his constitutional rights by holding him in administrative segregation indefinitely without providing him an evidentiary hearing and without providing him notice of the specific disciplinary charges against him. He claims that the administrative segregation conditions constituted an "atypical and significant hardship" that violated numerous constitutional protections.   For argument's sake, Defendants' motion to dismiss concedes that Plaintiff wrongfully was placed in administrative segregation;

they contend that no matter how unfair, prolonged confinement in administrative segregation can never violate a prisoner's constitutional guarantees.

In *Sandin v. Conner*, the Supreme Court held that although "States may under certain circumstances create liberty interests which are protected by the Due Process clause, [such] 'interests will generally be limited to freedom from restraint [that] . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 483-84. The Supreme Court recently observed that "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system." *Wilkinson v. Austin*, 125 S.Ct. 2384, 2394 (2005).

Despite this uncertainty, Plaintiff alleges he has suffered various constitutional violations by remaining in administrative segregation for over 500 days. This is sufficient to withstand a motion to dismiss because "extended terms of segregation may constitute an 'atypical and significant hardship' depending on the conditions of confinement." *Chappell v. McKune*, 1997 WL 787184, at *1 (10th Cir. 1998) (citing *Bryan v. Duckworth*, 88 F.3d 431, 433 (7th Cir.1996)).

The court acknowledges Tenth Circuit authority which seemingly holds that placement in administrative segregation–regardless of how long– can never trigger a constitutional violation. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406-07 (10th Cir. 1996); *Mapp v. Dovala*, 138 F.3d 1355, 1337-38 (10th Cir. 1998), rev'd on other grounds, *Jennings v. Natrona County*, 175 F.3d 775, 779 (10th Cir. 1999). Nevertheless, most decisions by the Tenth

4

Circuit reject this generalization.   Instead, they require a detailed showing that placement in administrative segregation, as applied to the Plaintiff, does not impose an "atypical and significant hardship." *See, e.g.*, *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999) (reversing the district court's dismissal after finding that "the district court did not have evidence before it from which it could engage in the analysis required by *Sandin* and determine whether the conditions of plaintiff's confinement presented the type of atypical, significant deprivation that would implicate a liberty interest"); *Chappell v. McKune*, 132 F.3d 42 (Table), 1997 WL 787184, * 1 (10th Cir. 1997) ("Courts have held or assumed that extended terms of segregation may constitute an 'atypical and significant hardship' depending on the conditions of confinement."); *Clemmons v. Thomas*, 86 F.3d 1166 (Table), 1996 WL 282304, *4 (10th Cir. 1996) (even though the Defendant submitted a *Martinez* report evaluating Plaintiff's claims, this alone failed to analyze the specific issue of whether, as applied to the Plaintiff, administrative segregation imposed "atypical and significant hardship").

Thus it is premature to address the merits of Plaintiff's complaint at this procedural juncture.   Both the length and the relative conditions of Mr. Hunt's time in administrative segregation must be addressed.   To effectively do so, they must be compared with the conditions Mr. Hunt would have faced if he had remained in the prison's general population. None of these matters are before the court on this motion.

5

*3.*      *Plaintiff's Motion for Default Judgment*

Plaintiff has moved for default judgment because Defendant did not file an answer within twenty days of the *Martinez* Report, as ordered by the court.  Defendants contend that a motion to dismiss was filed and served upon the Plaintiff within twenty days, however, and that this delayed the running of the twenty day time period.  As Federal Rule 12(a)(4) makes clear, Defendants are correct.  *See, e.g.*, *Ashby v. McKenna* 331 F.3d 1148, 1151 (10th Cir. 2003) (interpreting Rule 12(a)(4) as such); *Malik v. 7/Eleven Store No. 27875,* 74 Fed.Appx. 887, 888 (10th Cir. 2003) ("The district court denied Plaintiff's motions, explaining that an answer would not be required until after the court ruled on the pending motions to dismiss). Plaintiff's motion is therefore premature.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' motion to dismiss for failure to state a claim (doc. #  24)   is denied, and Plaintiff's motion for default judgment (doc. #  28) also is denied.

**IT IS SO ORDERED.**

Dated this 22nd  day of September , 2005.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge