# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**J.C. HUNT**

      **Plaintiff,**

v.                                                                                          Case No. 05-3004-JWL

**ROBERT SAPIEN,** *et al.*

      **Defendants.**

## MEMORANDUM AND ORDER

This case concerns a 42 U.S.C. § 1983 claim filed by Plaintiff J.C. Hunt against various prison officials at the El Dorado Correctional Facility. Those officials are: Roger Werholtz ("Secretary Werholtz"), the Secretary of Corrections for the State of Kansas; Ray Roberts ("Warden Roberts"), the Warden of El Dorado Correctional Facility; and Robert Sapien, who was Mr. Hunt's Unit Team Manager at El Dorado Correctional Facility. Based on his confinement in administrative segregation for over 850 days, Mr. Hunt alleges numerous constitutional violations under both the Eighth and Fourteenth Amendments. This matter comes before the court on Defendants' Motion for Summary Judgment under Federal Rule of Civil Procedure 56. For the reasons explained below, the plaintiff's complaint is dismissed without prejudice.

**I.     Facts**

Mr. Hunt was placed in administrative segregation at Hutchinson Correctional Facility on January 15, 2003 as an "other security risk" pursuant to Kansas Department of Corrections' Internal Management Policy and Procedure (IMPP) 20-104(I)(B)(13), which provides "the warden may place in administrative segregation . . . any inmate . . . if the inmate . . . ha[s] engaged in behavior which has threatened the maintenance of security or control in the correctional facility." The Administrative Segregation Report, included in the *Martinez* Report, states that Mr. Hunt was placed in administrative segregation because of his role as "an active leader with the BGD organization. He is known to strong arm weaker inmates and plays major games with staff." The report also states that Mr. Hunt "plays the role of enforcer for the organization and has been named as the person carrying out 'violations' that are handed down on behalf of the organization." The report goes on to describe his "past history in which he was involved in attacking a group of white supermacist [sic] in the facility. During the attack he was observed giving orders to other inmates."

On January 17, 2003, Mr. Hunt was transferred to El Dorado Correctional Facility, where his administrative segregation placement continued. An initial review, attended by Mr. Hunt, was conducted at that facility on January 21, 2003. Mr. Hunt's comments at that review were recorded: "From the time I was released in 1998 I haven't been in any trouble and I have good reports." According to Warden Roberts, following the initial review, Mr. Hunt received weekly reviews for the first two months, followed by monthly reviews, 180

day reviews, and annual reviews.  At each of these reviews that he attended, Mr. Hunt was afforded the opportunity to voice his concerns regarding his placement in administrative segregation.

On November 11, 2004, Mr. Hunt filed a grievance form with his unit team manager, Mr. Sapien, stating: "On Jan. 15th, 2003, I was placed in admin. seg. in H.C.F. under the O.S.R. status for several unfounded allegations.  I am not a gang leader or member nor have I been issued any disciplinary reports to warrant being punished in this cruel and unusual fashion." Mr. Hunt goes on to explain various other reasons why his placement in administrative segregation is unwarranted.  In his response to this grievance, Mr. Sapien noted that the grievance referenced the same concern voiced in several previous grievances and that his grievance response remained the same: after investigation, it was deemed appropriate to keep Mr. Hunt in administrative segregation out of concern for the safety and security of the facility, staff and other inmates.  Mr. Hunt appealed this response to Warden Roberts and ultimately to the Secretary of Corrections.  The Secretary of Correction's response stated that Mr. Hunt had failed to offer evidence or argument to suggest that the responses given by Warden Roberts and Mr. Sapien were inappropriate. Mr. Hunt attached documentation verifying this grievance procedure to his complaint.

Mr. Hunt filed this proceeding on January 5, 2005, alleging that his placement in administrative segregation deprived him of a constitutionally protected liberty interest[1],

---

[1] Mr. Hunt refers to the Fifth Amendment when making this claim. The court, however, will assume he meant to refer to the Fourteenth Amendment, which incorporates the Fifth

3

violated his Fourteenth Amendment right to due process, and violated his Eighth Amendment right to freedom from cruel and unusual punishment. The defendants filed a motion to dismiss which was denied by this court. The proceeding is currently before this court on defendants' motion for summary judgment. The defendants argue that Mr. Hunt has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA) and that they are entitled to qualified immunity. The court finds that Mr. Hunt has failed to satisfy the PLRA exhaustion requirement and accordingly dismisses his complaint without prejudice.

**II.     Analysis**

*A.     Exhaustion of Administrative Remedies*

The PLRA provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is "'mandatory' for all 'inmate suits about prison life.'" *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Furthermore, the Tenth Circuit has held that the PLRA exhaustion requirement is a total exhaustion requirement, which means that if the plaintiff fails to exhaust all available remedies with respect to any one of

---

Amendment protections at the state level, since there are no federal officials involved in this action.

the claims in his or her complaint, the entire action must be dismissed.  *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004).

The Tenth Circuit has also made clear that the total exhaustion requirement is not an affirmative defense to be raise by defendants, but rather is a pleading requirement imposed on plaintiffs.  *Steele*, 355 F.3d at 1209.  Therefore, a prisoner must (1) plead his claims in compliance with the short and plain statement requirement of Fed. R. Civ. P. 8(a)(2) and (2) "'attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'"  *Id*. at 1210 (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The Kansas Administrative Regulations §§ 44-15-101-106 detail the grievance procedure for Kansas state prisoners, which applies in this case.  *See Smith v. Rudicel*, 123 Fed. Appx. 906, 907 (10th Cir. 2005).  The first requirement is that the inmate "attempt to reach an informal resolution of the matter" with a unit team member, using the facility's inmate request forms.  K.A.R. § 44-15-101(b).  If this fails, the inmate shall submit a grievance report form to a unit team member, then to the warden, and if not resolved, finally to the office of the secretary of corrections..  *Id*. at § 44-15-101(d).  The inmate may file a § 1983 claim only after he or she exhausts this process of administrative remedy.  *Smith*, 123 Fed. Appx. at 907.

As a preliminary matter, the court will address Mr. Hunt's argument that consideration

of the PLRA exhaustion requirement is inappropriate at this stage of the proceeding. Mr. Hunt argues, without citing to case law, that the defendants should be estopped from arguing exhaustion of administrative remedies at the summary judgment stage since they did not raise it in their motion to dismiss. The court disagrees. The Tenth Circuit has clearly held that exhaustion of administrative remedies as required by 42 U.S.C. § 1997e is a prerequisite of litigation and "requires dismissal where a litigant failed to complete such exhaustion." *Fitzgerald v. Corr. Corp. of America*, 403 F.3d 1134, 1141 (10th Cir. 2005). In consideration of a motion for summary judgment, the Tenth Circuit recently reiterated this requirement, stating that precedent and § 1997e mandate dismissal when a plaintiff has failed to exhaust administrative remedies. *Thomas v. Brockbank*, No. 05-3480, slip op. at 9 (10th Cir. October 11, 2006). Furthermore, as stated above, exhaustion is not an affirmative defense to be raised by the defendant, but rather a pleading requirement imposed on the plaintiff; since it is not an affirmative defense, it cannot be waived. *Steele*, 355 F.3d at 1209. Finally, the Tenth Circuit has specifically contemplated that although the defendant should raise the exhaustion issue as early as possible, it may be raised appropriately at the summary judgment stage. *See Fitzgerald*, 403 F.3d at 1140 (citing *Steele*, 355 F.3d at 1212).

Because the court has determined that consideration of the exhaustion requirement is appropriate, it will now examine whether Mr. Hunt has in fact satisfied that requirement. As interpreted by the court, the combination of the *Steele*, *Ross*, and *Smith* decisions required Mr. Hunt to attach to his complaint copies of grievance report forms submitted to a unit team

6

member, the warden, and the secretary of corrections pertaining to each of the claims set forth in his complaint or describe with specificity the administrative proceeding pertaining to each claim and its outcome. In this case, according to the pretrial order, Mr. Hunt has essentially made three claims against the defendants: (1) he has been deprived of a protected liberty interest, (2) he has been deprived of his procedural due process rights guaranteed by the 14th Amendment, and (3) he has been deprived of his Eighth Amendment right to be free from cruel and unusual punishment.

The defendants argue that Mr. Hunt has not adequately exhausted remedies with respect to his Eighth Amendment claim. According to Mr. Hunt, that claim relates to the physical conditions of his confinement. In his complaint, Mr. Hunt lists several specific things that he was denied due to his confinement in administrative segregation: participation in required programs, group religious worship, intramural sports, track and field events, weight lifting programs, table games, concerts, seminars, access to the library, hobby craft programs, mental health programs, food purchase program available to general population inmates, and music room activities, to name a few. Mr. Hunt also states that he was potentially exposed to HIV, Hepatitis A, B, and C, and other diseases due to inmates throwing food, feces and urine. The list continues, but the court sees no need to repeat all the deprivations Mr. Hunt allegedly suffered. In his brief, Mr. Hunt explains that these allegations pertain to his Eighth Amendment claim, not his liberty interest or due process claims.

As indicated in the facts, Mr. Hunt attached to his complaint the grievance form he filed with Mr. Sapien, the grievance response received from Mr. Sapien, the response received from Warden Roberts, the appeal he submitted to Secretary Werholtz, and the response received from Secretary Werholtz. Attaching this documentation appears to satisfy the requirements of the K.A.R. as described in *Smith*. However, as explained in the facts, this documentation involves a grievance solely related to Mr. Hunt's allegedly wrongful placement in administrative segregation, which pertains only to his liberty interest and due process claims. In his grievance, Mr. Hunt stated he was placed in administrative segregation for several "unfounded allegations" but nowhere in the grievance does he refer to any of the numerous deprivations listed in his complaint in support of his Eighth Amendment claim of cruel and unusual punishment. Furthermore, Mr. Hunt has not "described with specificity" any grievance proceedings associated with the Eighth Amendment claim. Therefore, the court concludes that although Mr. Hunt has exhausted his remedies with respect to his liberty interest and due process claims, he has failed to meet the PLRA requirements with respect to his Eighth Amendment claim. Accordingly, because he has failed to exhaust his administrative remedies with respect to one of the claims in his complaint, the entire complaint must be dismissed without prejudice.

*B.    Defendant's Remaining Summary Judgment Arguments*

Defendants urge the court to proceed to the merits of Mr. Hunt's claims, even though he has not exhausted his administrative remedies, and dispose of them with prejudice. The

8

court declines to do so.  In *Steele*, the Tenth Circuit held that a dismissal based on failure to exhaust should usually be without prejudice.  355 F.3d at 1213.  There are certain exceptions to this general rule.  The PLRA allows a court to reach the merits of the case without requiring exhaustion of administrative remedies if the court determines the claim, on its face, is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  42 § 1997e(c)(2).  However, the court concludes that this exception is not met in this case and declines to address the merits at this time.  Accordingly, Mr. Hunt's claim is dismissed without prejudice.

### III. Conclusion

Because the court concludes that Mr. Hunt has failed to exhaust all available administrative remedies in accordance with 42 U.S.C. 1997e, the court denies defendants' motion for summary judgment and dismisses the plaintiff's complaint without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' motion for summary judgment (doc. # 69 ) is denied and the Plaintiff's complaint (doc. #1) is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2006.

9

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge