## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**J.C. HUNT**

          **Plaintiff,**

**v.**                                          **Case No. 05-3004-JWL**

**ROBERT SAPIEN,** *et al.*

          **Defendants.**

## MEMORANDUM AND ORDER

This case concerns a 42 U.S.C. § 1983 claim filed by Plaintiff J.C. Hunt against various prison officials at the El Dorado Correctional Facility and is currently before the court on Mr. Hunt's motions for reconsideration[1] (doc. 84) and for leave to file an amended complaint (doc. 85).

In its order dated October 17, 2006 (doc. 82), the court dismissed Mr. Hunt's complaint without prejudice because, although it contained exhausted Fourteenth Amendment claims, it

---

[1]Based on the prison mailbox rule, Mr. Hunt's motion to reconsider was filed within ten days after entry of judgment. See *Houston v. Lack*, 487 U.S. 266, 270 (1988). Therefore, although the court refers to it as a motion to reconsider, it is actually a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nevertheless, the same standard applies. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

also alleged an unexhausted Eighth Amendment claim.  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004) (holding that Prison Litigation Reform Act of 1995 requires "total exhaustion" and thus, the presence of an unexhausted claim mandates dismissal of the entire complaint).  Subsequently, Mr. Hunt filed the motions currently before the court, requesting the opportunity to proceed with only his exhausted claims.  Mr. Hunt concedes that his unexhausted Eighth Amendment claim should be dismissed with prejudice.

In support of his motions, Mr. Hunt cites to an unpublished Tenth Circuit opinion, which holds that when an inmate's complaint includes both exhausted and unexhausted claims, "the district court may permit [the inmate] . . . to dismiss voluntarily his unexhausted claims and to proceed only on those he has exhausted."  *West v. Kolar*, 2004 WL 1834634 at *2 (10th Cir. Aug. 17, 2004).  Previously, this court has relied on *West* and allowed an inmate to do just what Mr. Hunt requests.  *See Williams v. United States*, 2005 WL 318766, at *1 (D. Kan. Feb. 9, 2005).

In deciding defendants' motion for summary judgment, the court did not recognize that Mr. Hunt's briefing included a suggestion that he would be willing to abandon his unexhausted claim.  After reviewing his brief, however, the court construes him to have taken that position.[2] Accordingly, the court grants Mr. Hunt's motion to reconsider, because it  misapprehended his position.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(holding that

---

[2]See page 7 of plaintiff's response (doc. 74) to defendants' summary judgment motion, where Mr. Hunt states: "[I]f the Court finds that Plaintiff has not exhausted his administrative remedies regarding his claim under the Eighth Amendment . . . the Court could simply dismiss that underlying claim. . . ."

2

a motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."). The court believes that, in light of Mr. Hunt's request, the appropriate action is to set aside the previous judgment (doc. 82), dismiss Mr. Hunt's unexhausted claim with prejudice, and allow him to proceed with his exhausted claims.

Because a pretrial order has been entered in this case, an amendment to the pretrial order, rather than an amended complaint, is necessary. Therefore, the court denies Mr. Hunt's motion to file an amended complaint. The pretrial order (doc. 72) is hereby amended to include only Mr. Hunt's Fourteenth Amendment claims, alleging deprivations of a protected liberty interest and of his procedural due process rights.[3] Mr. Hunt's claim that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment is hereby dismissed with prejudice.[4]

In its previous order, the court declined to reach the merits of the defendants' motion for summary judgment due to the presence of an unexhausted claim. In light of its decision in this order, the court grants the defendants 30 days to re-assert the substantive arguments from their summary judgment motion if they so desire, and the plaintiff shall have time to respond as set forth in the local rules.[5] If after 30 days the defendants have failed to file such a motion, the court will reset this case for trial.

---

[3]These claims are embodied in 6.a.1 and 6.a.2 of the pretrial order (doc. 72).

[4]This claim is set forth in 6.a.3 of the pretrial order (doc. 72).

[5]To expedite matters, if the parties so choose, they may file pleadings which simply incorporate by reference their previous arguments on the merits of summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that the previous entry of judgment (doc. 83) is set aside.  The plaintiff's motion for reconsideration (doc. 84) is granted and plaintiff's motion for leave to file an amended complaint (doc. 85) is denied.  The pretrial order (doc. 72) is hereby amended in accordance with this Memorandum and Order and plaintiff's Eighth Amendment claim is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 6th day of December, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4